UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>STEPHEN REMY MUELLER,<br><br>Defendant - Appellant. | No. 05-10180<br>D.C. No. CR-04-00044-RSL<br><br>**JUDGMENT** |

**FILED**
DISTRICT COURT OF GUAM
OCT 10 2006
MARY L.M. MORAN
CLERK OF COURT

Appeal from the United States District Court for the District Of Guam (Hagatna).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District Of Guam (Hagatna) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 09/11/06

A TRUE COPY
CATHY A. CATTERSON
CLERK OF COURT
ATTEST

OCT -3 2006

by: _____
Deputy Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br>v.<br>STEPHEN REMY MUELLER,<br>*Defendant-Appellant.* | No. 05-10180<br>D.C. No.<br>CR-04-00044-RSL<br>OPINION |

Appeal from the United States District Court
for the District of Guam
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted
November 22, 2005—Honolulu, Hawaii

Filed September 8, 2006

Before: Myron H. Bright,* M. Margaret McKeown, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Clifton

---

*The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

10927

sentence that combines probation and a term of incarceration of less than five years.

Appellant Stephen Mueller pleaded guilty in district court in Hawaii to receiving child pornography in violation of § 2252(a). Although that offense carried a mandatory minimum sentence of five years incarceration, Mueller argued that the district court had discretion, under 18 U.S.C. § 3561(a), to impose a sentence of probation notwithstanding the mandatory minimum, because § 2252 does not contain language expressly precluding that sentencing option. The district court interpreted the mandatory minimum language to preclude probation and to require incarceration for a term of at least five years, and sentenced Mueller accordingly.

Mueller appealed his sentence.

[1] The Ninth Circuit has held that under 18 U.S.C. § 3651, the earlier probation statute (repealed in 1987), a defendant convicted of violating a statute that provided for a mandatory minimum sentence could still be placed on probation, with his sentence suspended, or could be made eligible for immediate parole. [2] The current statute, § 3561(a), differs from its predecessor in that it does not give the sentencing court broad authority to suspend the imposition or execution of sentence. Under the new statutory scheme, instead of representing a suspension of the execution of a sentence, probation constitutes a type of sentence in and of itself.

[3] The current probation statute has never been the sole source of authority as to whether probation may be imposed. [4] Under the sentencing guidelines, probation is also precluded for offenses with mandatory minimums such as Mueller's. [5] The legislative history of the offense statutes that preclude probation in the statute itself—i.e., § 844(h) and § 924(c)(1)—revealed that all of the provisions containing language expressly prohibiting probation were enacted before the Sentencing Reform Act created the Sentencing Guide-

lines, which became effective November 1, 1987. In light of the chronological legislative context (contrasting pre- and post-sentencing guidelines legislation), all that could be read into mandatory minimum sentencing provisions that are unaccompanied by extra express language precluding probation was that such extra language was not needed; probation was precluded under the sentencing guidelines structure. [6] Faced with a clear congressional mandate, the court of appeals could see no justification for using the *Booker* remedy to subordinate a legitimate legislative action to the law of unintended consequences. The district court was correct in interpreting § 2252(b) to require a mandatory minimum of five years incarceration, not to be substituted at the judge's discretion for an individually tailored sentence that combines probation and a term of incarceration of less than five years. Accordingly, the judgment of the district court had to be affirmed.

## COUNSEL

Howard Trapp (argued), Howard Trapp Incorporated, Hagåtna, Guam, for the defendant-appellant.

Leonardo M. Rapadas, United States Attorney, Districts of Guam and the NMI; Karen V. Johnson (argued), Assistant United States Attorney, Hagåtna, Guam, for the plaintiff-appellee.

## OPINION

CLIFTON, Circuit Judge:

The question presented in this case is whether the district court is authorized to order probation under the probation statute, 18 U.S.C. § 3561, for a defendant convicted of receiving child pornography in violation of 18 U.S.C. § 2252, which

provides for a mandatory minimum sentence of incarceration. Section 2252 establishes a mandatory minimum sentence of five years of incarceration but does not explicitly preclude probation. Probation is precluded for this conviction under the United States Sentencing Commission, *Guidelines Manual* ("U.S.S.G." or "Sentencing Guidelines"), and Mueller concedes that probation was not available as an alternative at the time of sentencing, when the district court was required to adhere to the Sentencing Guidelines. In the wake of *United States v. Booker*, 543 U.S. 220 (2005), however, the Sentencing Guidelines are no longer mandatory, and Defendant argues that nothing precludes the district court from imposing probation instead of the minimum mandatory sentence. We disagree. Because such an accidental byproduct of *Booker* would contradict clearly manifested congressional intent, we hold that probation is not available as an alternative and affirm the sentence imposed by the district court.

## I. Background

Defendant Stephen Mueller pleaded guilty to the charge of receiving child pornography in violation of 18 U.S.C. § 2252(a).[1] That offense carries a mandatory minimum sen-

---

[1] Section 2252(a) provides in relevant part:

Any person who . . .

. . .

knowingly receives, or distributes, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce or through the mails, if—

. . .

the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct

. . .

shall be punished in accordance with subsection (b) of this section.

tence of five years incarceration, as set forth in 18 U.S.C. § 2252(b).[2]

Before the district court, Mueller argued that the court had discretion, under 18 U.S.C. § 3561(a), to impose a sentence of probation notwithstanding the mandatory minimum, because § 2252 does not contain language expressly precluding that sentencing option. The district court interpreted the mandatory minimum language to preclude probation and to require incarceration for a term of at least five years, and sentenced Mueller to a term of five years, followed by three years of supervised release. Mueller timely appealed, asking us to reverse the sentence in order to give the court an opportunity to exercise its discretion to impose a sentence of probation instead.

## II.  Discussion

### A.  The probation statute

Despite the five-year mandatory minimum sentence required by § 2252(b), Mueller argues that the court may instead impose a sentence of probation under § 3561(a), which provides that:

> A defendant who has been found guilty of an offense may be sentenced to a term of probation unless—
>
> (1) the offense is a Class A or Class B felony and the defendant is an individual;
>
> (2) the offense is an offense for which probation has been expressly precluded; or

---

[2]Section 2252(b) provides in relevant part: "Whoever violates . . . subsection (a) . . . shall be fined under this title and imprisoned not less than 5 years and not more than 20 years . . . ."

(3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense.

The way the probation statute is written does suggest, as Mueller argues, that in all other circumstances not listed, probation is available. The government acknowledges that the first and third limitations in the probation statute do not apply to Mueller or his offense: the offense is not a Class A or Class B felony, and Mueller was not necessarily going to be sentenced at the same time to a term of imprisonment. The harder question here is whether Mueller was convicted of "an offense for which probation has been expressly precluded." We conclude that the answer to that question is yes, and thus that Mueller is not eligible for a sentence of probation as an alternative to the five-year minimum term of imprisonment.

### B. Preclusion of probation

[1] Mueller's position finds some support in this court's interpretation of the predecessor to the current probation statute. We held that under 18 U.S.C. § 3651, the earlier probation statute (repealed 1987), a defendant convicted of violating a statute which provided for a mandatory minimum sentence could still be placed on probation, with his sentence suspended, or could be made eligible for immediate parole.[3] *United States v. Wilson*, 506 F.2d 521, 522 (9th Cir. 1974). Similarly, in *Rodriguez v. United States*, 480 U.S. 522, 526 (1987), the Supreme Court held that the addition of language

---

[3]Section 3651 provided in relevant part:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

creating a "mandatory minimum" prison sentence did not repeal by implication the court's discretionary authority to suspend a sentence under § 3651, in the absence of more specific language precluding suspension of sentence or probation.

[2] The current statute, § 3561(a), differs from its predecessor in that it does not give the sentencing court broad authority to "*suspend* the imposition or execution of sentence." 18 U.S.C. § 3651 (emphasis added). Under the new statutory scheme, instead of representing a suspension of the execution of a sentence, probation constitutes a type of sentence in and of itself. *See* 18 U.S.C. § 3561(a) ("A defendant who has been found guilty of an offense may be *sentenced* to a term of probation".) (emphasis added); *United States v. Granderson*, 511 U.S. 39, 43 n.3 (1994) ("The Sentencing Reform Act of 1984, for the first time, classified probation as a sentence."); S. Rep. 98-225, 1984 U.S.C.C.A.N. 3182 3271 (Aug. 4, 1983) ("Proposed 18 U.S.C. 3561, unlike current law, states that probation is a type of sentence rather than a suspension of the imposition or execution of a sentence"). This revision is significant because the status of probation as a suspension of sentence, rather than an independent sentence, was crucial to the Supreme Court's original holding that mandatory minimums did not bar probation under the old regime. *See Rodriguez v. United States*, 480 U.S. 522, 524 (1987) (finding no irreconcilable conflict between a minimum sentence and the "suspension authority" of section 3651).

The shift in probation's character from representing a suspension of sentence to being the actual sentence is also significant because the revised probation sentencing authority necessarily interrelates with the regime of the Sentencing Guidelines as a whole, to which the probation statute belongs. The current probation statute was enacted (and the former provision repealed) as part of a broad reform of federal sentencing that included establishment of the Sentencing Guidelines and the abolition of parole. *See* S. Rep. 98-225, 1984 U.S.C.C.A.N. 3182, 3272 n. 316 (Aug. 4, 1983) (explaining

that, with regard to offenses for which the imposition of a sentence of probation is specifically precluded under subsection (a)(2), "[t]he Committee believes that for most offenses the Sentencing Guidelines will be better able to specify the circumstances under which an offender should be sentenced to a term of imprisonment and those under which he should be sentenced to a term of probation"). Thus, although like the prior version the current statute purports to create "no presumption for or against probation," S. Rep. No. 98-225, 1984 U.S.C.C.A.N. 3182, 3273, its reference to probation preclusion incorporates congressional intent regarding specific offenses, expressed elsewhere in the larger sentencing framework. Congress has precluded probation as an alternative sentence for this offense.

[3] The current probation statute has never been the sole source of authority as to whether probation may be imposed. *See, e.g., United States v. Green*, 105 F.3d 1321, 1324 (9th Cir. 1997) (looking to both the offense statute itself and the Sentencing Guidelines to determine whether a sentence of probation was available, even where the offense statute contained express language precluding probation); *United States v. Mondello*, 927 F.2d 1463, 1468 (9th Cir. 1991) (rejecting the argument that by specifying only "certain serious crimes for which probation would be *un*available," Congress meant to permit probation for most of the unenumerated crimes, citing *United States v. Belgard*, 894 F.2d 1092, 1099 (9th Cir. 1990)); *see also United States v. Martinez-Cortez*, 924 F.2d 921, 923 (9th Cir. 1991) ("The legislative history of the Sentencing Reform Act . . . indicates that Congress did not intend 18 U.S.C. § 3561 to require that probation be available to all categories of defendants not stripped of that remedy by the section.") Class A and Class B felony offenses are specifically precluded under § 3561(a)(1), but they are not the only offenses for which probation is precluded.

[4] Under the Sentencing Guidelines, probation is also precluded for offenses with mandatory minimums such as the

one at issue here. *See* U.S.S.G. § 5B1.1. The Sentencing Guidelines provide that, subject to the restrictions in § 3561, a sentence of probation is authorized if the applicable guideline range is in Zone A or Zone B of the Sentencing Table. U.S.S.G. § 5B1.1(a). Zone A deals with minimum terms of zero to six months, and Zone B deals with certain sentences having a term of up to twelve months. Accordingly, probation is precluded for offenses not within Zones A or B, subject to the restrictions of § 5B1.1.

Congress has also precluded probation in the language of certain criminal offense statutes themselves. *See, e.g.*, 18 U.S.C. § 844(h) (imposing a mandatory minimum and adding "[n]otwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person" so convicted); 18 U.S.C. § 924(c)(1) (same); 21 U.S.C. § 841(b)(1)(A) (same).

Mueller points out that not every offense statute that carries a mandatory minimum contains accompanying language precluding probation. *See* 8 U.S.C. §1324(2)(B); 18 U.S.C. § 2252(b). This distinction does not, however, indicate that a probation alternative remains available for those offenses that do not contain such express preclusion language.

[5] The legislative history of the offense statutes that preclude probation in the statute itself—i.e., § 844(h) and § 924(c)(1)—reveals that all of the provisions containing language expressly prohibiting probation were enacted before the Sentencing Reform Act created the Sentencing Guidelines, which became effective November 1, 1987. *See* Organized Crime Control Act of 1970, Pub. L. No. 91-452, § 1102, 84 Stat. 922, 957 (1970) (enacting 18 U.S.C. § 844(h), modeled after Gun Control Act of 1968, Pub. L. 90-618, § 102, 82 Stat. 1213 (1968) which enacted 18 U.S.C. 924(c)(1)(A)-(D)); *see also* Narcotics Penalties and Enforcement Act of 1986, Pub. L. 99-570, § 1002, 100 Stat. 3207 (1986). By compelling contrast, the mandatory minimum sentence provision of § 2252

was enacted at a time when the Sentencing Guidelines were in place and were binding on district courts, as was §1324(2)(B)(ii). *See* Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, § 103, 117 Stat. 650, 653 (2003) (increasing penalties and creating mandatory minimum under § 2252); Omnibus Consolidated Appropriations Act, 1997, Pub. L. 104-208, § 203, 110 Stat. 3009, 3009-566 (1996) (adding mandatory minimum penalty for violations of 8 U.S.C. § 1324). In light of the chronological legislative context (contrasting pre- and post-Sentencing Guidelines legislation), all that can be read into mandatory minimum sentencing provisions that are unaccompanied by extra express language precluding probation is that such extra language was not needed; probation was precluded under the Sentencing Guidelines structure. *See Green*, 105 F.3d at 1324 (9th Cir. 1997) ("Two provisions in the Guidelines *themselves* clarify that a sentence of probation is impermissible for the crime committed").

Mueller posits that since the Sentencing Guidelines are no longer mandatory and thus no longer restrict the full scope of § 3561, district judges are now free to decide if probation is appropriate for convictions under statutes that contain mandatory minimums but no express language precluding probation. In doing so, Mueller relies heavily on the probation statute itself and what its drafters might have contemplated in the absence of the Sentencing Guidelines. His reliance is misplaced, however, because he ignores the sentencing provision of the *offense* statute and what its drafters quite clearly contemplated in the presence of the Sentencing Guidelines. There is no question that Congress was aware of and relied upon the Sentencing Guidelines' circumscription of probation authority when enacting the mandatory minimum sentence at issue in this case.

To begin with, Congress is presumed to have acted with awareness of the relevant legal context when it passes legisla-

tion. *See Cannon v. University of Chicago,* 441 U.S. 677, 696-97 (1979). In the context of *this* offense statute, moreover, Congress articulated its specific intent to remove discretion from sentencing judges to depart downward from the minimum sentence. The minimum sentencing provision was first added in 2003 as part of the PROTECT Act, which increased penalties for crimes involving the child pornography industry. *See* PROTECT Act, Pub. L. No. 108-21, § 103, 117 Stat. 650, 653; S. Rep. 108-2, 10 (2003) (Senate Report regarding the PROTECT Act). The Act not only created a mandatory minimum for this offense, but further limited discretion to depart downward from the Guidelines. PROTECT Act, Pub. L. No. 108-21, § 401, 117 Stat. 650, 667-8 (amending 18 U.S.C. § 3553). While the wisdom of such a step away from judicial discretion (under a binding *or* advisory guidelines system) may be debatable, the legislative intent to do so with regard to this offense is not. *See* 149 Cong. Rec. S5113, S5121-22 (Apr. 10, 2003) (remarks of Sen. Hatch on the PROTECT Act) ("the game is over for judges . . . you are not going to go on doing what is happening in our society today on children's crimes, no matter how softhearted you are. That is what we are trying to do here.").[4] Such a deliberate legislative action should only be set aside by this court if required under the law. *Booker* does not create such a condition.

### C. *Booker* does not require disregard of congressional intent here

As this appeal originates out of the practical impact of the *Booker* decision, it is worth emphasizing that the constitutional issues in that case did not involve mandatory minimum sentences. *See United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir. 2005) ("*Booker* does not bear on mandatory

---

[4]It is important to note that although *Booker* directly struck down the PROTECT Act's addition of a *de novo* standard of review for departures from the Sentencing Guidelines range, *see Booker,* 543 U.S. at 261, that provision is not the aspect of the PROTECT Act under review here.

minimums"). As is familiar by now, in *Booker* the Supreme Court applied its decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), to the Sentencing Guidelines and held that the Sixth Amendment requires juries, not judges, to find facts relevant to sentencing beyond a reasonable doubt. *Booker*, 543 U.S. at 244. Having found a constitutional defect in the Guidelines as enacted, which allowed for sentence enhancements based on facts found by a preponderance of evidence by a judge, the Court evaluated potential remedies and concluded that the one most consistent with congressional intent would be to excise the provision that made the Guidelines mandatory, 18 U.S.C.A. § 3553(b)(1) (Supp. 2004). *Id.* at 244-46.

Although we currently understand and interpret the Sentencing Guidelines as advisory rather than mandatory, that is not the way Congress understood the Sentencing Guidelines at the time it enacted a mandatory minimum sentence—which at that time, precluded probation—for violations of § 2252. Of course, even under the post-*Booker* sentencing regime, district courts must still consult the Sentencing Guidelines and take them into account, *see* 18 U.S.C. § 3553(a)(4); *Booker*, 543 U.S. at 246, so it is not as if the Sentencing Guideline provisions that add explicit limitations on probation have disappeared. Nor are those provisions constitutionally problematic. *See Booker*, 543 U.S. at 258 ("Most of the statute is perfectly valid.").

The sentencing regime we have now, after *Booker*, is a remedy created by the Supreme Court with the very purpose of giving effect to congressional intent embodied in the interrelated provisions of the complex sentencing structure. *See id.* at 248. Considering the potential remedial approaches, the Court explained, "we must decide whether we would deviate less radically from Congress' intended system (1) by superimposing the constitutional requirement announced today or (2) through elimination of some provisions of the statute." *Id.* at 247. The Court's task in *Booker* is analogous to our task in

this case. Here, our choice in these terms is whether to recognize an "express preclusion of probation" where such a preclusion is already implied and is expressly precluded by the now advisory Sentencing Guidelines, or to effectively eliminate the provision which provides for a mandatory minimum of five years of incarceration. Whereas the *Booker* Court gave effect to congressional intent by choosing the latter of the two approaches, we honor congressional intent in this context by choosing the former.

### III. Conclusion

[6] Where we are faced with a clear congressional mandate, as we are here, we can see no justification for using the *Booker* remedy (rendered according to a constitutional holding unrelated to the issue before us) to subordinate a legitimate legislative action to the law of unintended consequences. The district court was correct in interpreting § 2252(b) to require a mandatory minimum of five years incarceration, not to be substituted at the judge's discretion for an individually-tailored sentence that combines probation and a term of incarceration of less than five years. Accordingly, the judgment is affirmed.

**AFFIRMED.**